STATE *v.* ANTHONY VILONE.

(NOVEMBER 20, 1933.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*P. Warren Green,* Attorney-General, and *Robert H. Richards, Jr.,* Deputy Attorney-General, for the State.

*H. Albert Young* for the defendant.

Court of Oyer and Terminer for New Castle County, Indictment for Murder of the second degree, No. 28, November Term, 1933.

LAYTON, C. J., in charging the jury, in part, said:

Anthony Vilone, the accused, is indicted for murder of the second degree for the killing of one Richard Henley, in the City of Wilmington, on September 17, 1933.

The State contends that on Sunday, September 17, 1933, at about two o'clock in the afternoon, one Robert H. Johnson was sitting in his Ford Sedan, which was parked on Scott Street, near Seventh Street, in the City of Wilmington, talking with the deceased, Henley, and another friend, one Collins; that Vilone, the accused, with two other persons, came up to the car of Johnson; that Vilone opened the door and got in the car, and ordered Johnson to drive him to town; that Johnson refused, and, thinking from the acts and conduct of Vilone, that he was in some danger of attack got out of his car and then reached into it and got from under the front seat the starting crank of the automobile; that the deceased, Henley, was then standing in the street close to the rear end of the car; that Vilone, the accused, got out of the car, went around the back of it and into the street, with the apparent idea of attacking Johnson, but while in the act of passing Henley, and without excuse or provocation struck him on the jaw with his fist; that as

a result of that blow Henley was knocked down, and, in falling, his head struck the hard surface of the street; that shortly thereafter he was removed to a hospital where he died the same day. The autopsy performed upon him showed an egg shaped swelling on the back of his head and a fracture of the skull, at or about its base, which fracture was the cause of his death.

It, also, appears from the evidence that there was no wound, bruise, swelling, or contusion on the face of Henley as a result of the blow. It further appears that Vilone, the accused, had been drinking.

On the other hand, Vilone, the accused, contends that he stopped at Johnson's car, merely to ask for a match, and on receiving a somewhat profane reply to his request answered Johnson in a similar manner. He denies that he got into the car, but contends that Johnson got out of his car, seized the starting crank, and with it in his hand started toward him in a threatening manner and did, in fact, chase him around in front of the car and into the street; that he was backing away from Johnson, toward the rear of the car, when some one called out "look out, Tony"; that he then turned in time to see Henley, the deceased, in the act of striking at him with his fist; that he ducked from the blow and at the same time struck with his left fist at Henley, striking him on the jaw, and that as a result of that blow Henley was knocked down.

Therefore, it is not denied that Vilone did hit the deceased with his fist, from which blow Henley was felled to the street; nor is it denied that Henley died from a fracture of the skull sustained from a result of the blow and fall, but Vilone denies that the blow itself was sufficient to cause a fracture of the skull, and, also, insists that he struck the blow in the necessary defense of his own person.

These are the respective contentions of the State and of the defense, but the evidence bearing upon these conten-

tions is for your exclusive consideration and determination, subject, only, to the law, as it will be given to you by the court.

■ In an indictment for murder of the second degree it is possible for the jury to find any one of four verdicts.

First, guilty of murder of the second degree; second, guilty of manslaughter; third, guilty of assault only, under the provisions of the statute; and, fourth, not guilty.

■ The Court is of the opinion that the evidence before you does not justify a verdict of guilty of murder of the second degree, for the reason that the character of the fatal blow and the circumstances in which it was inflicted do not evidence that degree and kind of wickedness and malignancy of spirit, nor such depravity of mind, regardless of human life and social duty, from which the necessary element of malice may be fairly inferred or implied.

That, therefore, you will dismiss from your minds the charge of murder of the second degree, and you will confine your consideration to the verdicts which, in the opinion of the court, you are at liberty to render—that is, guilty of manslaughter, guilty of assault, or not guilty.